E-FILED
Monday, 15 June, 2026  03:37:37 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Ioan Lela, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 25-3093 |
| | ) | |
| Brittany Greene, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Petitioner Ioan Lela's ("Petitioner")
Amended Motion for Reconsideration (d/e 12) of this Court's Order
(d/e 9) on Petitioner's Petition for Writ of Habeas Corpus under 28
U.S.C. § 2254 (d/e 1), Respondent Western Warden Brittany
Greene's ("Respondent") Response (d/e 13), and Petitioner's Reply
(d/e 14). Because Petitioner does not clearly establish that this
Court committed a manifest error of law or fact in finding
Petitioner's claims procedurally defaulted without excuse or that
newly discovered evidence precluded entry of judgment, Petitioner's
Amended Motion for Reconsideration (d/e 12) is DENIED.

## I.   JURISDICTION

A habeas petition filed pursuant to 28 U.S.C. § 2254 arises under federal law. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II.   BACKGROUND

Unless otherwise noted, the following facts are taken from Petitioner's and Respondent's briefs. See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

After the January 24, 2016 death of Allen Levin, Petitioner was charged in the Circuit Court of Cook County, along with two co-defendants, with first degree murder, home invasion, residential burglary, and robbery. See d/e 5, p. 1; see also d/e 6-1, p. 4. Petitioner and the co-defendants traveled from Arizona to Chicago to burglarize, then murder Levin. See d/e 5, p. 1.

On February 3, 2016, Phoenix police spoke with Petitioner at the Phoenix police station. See d/e 1, p. 2; d/e 5, p. 1. Phoenix

police recorded an interview with Petitioner, he invoked his right to counsel, and Phoenix police stopped questioning him but retained his cell phone. See d/e 1, p. 2; d/e 5, p. 2.

On February 17, 2016, Chicago Police Detective Mark Leavitt traveled to Arizona with a warrant for Petitioner's arrest to question Petitioner about the murder. See d/e 1, pp. 2-3; d/e 5, p. 2. Petitioner alleges that Leavitt knew Petitioner had invoked his 5th Amendment right to counsel during his February 3, 2016 interrogation with the Phoenix police. See d/e 1, p. 3.

On February 18, 2016, Petitioner came to the Phoenix police station after Phoenix police arranged for Petitioner to retrieve his cell phone. See d/e 1, p. 3; d/e 5, p. 2. Petitioner alleges that upon his arrival at the Phoenix police station, he was immediately escorted and locked into an interrogation room with audio/video recording. See d/e 1, p. 3. Leavitt interviewed Petitioner, who commented on the murder. See id.; see also d/e 5, p. 2. Petitioner further alleges that Leavitt gave him incomplete verbal Miranda warnings and did not tell him that he had the legal right to counsel before and during questioning. See d/e 1, p. 3.

Page **3** of **21**

Petitioner told Leavitt, "I don't know if I need a lawyer to figure out this case cause where it's going or what's going on with this case anymore, honestly." d/e 5, p. 2. Leavitt said that they were there to "clear up" things because Petitioner's two co-defendants gave different accounts of the events. Id. Petitioner then further commented on the murder. Id. At the end of the three-hour interview, Petitioner was advised of the Illinois arrest warrant and immediately requested an attorney. See d/e 1, p. 3.

Before trial, Petitioner moved to suppress his February 18, 2016 statement "due to willful violations of his 5th, 6th, and 14th Amendment right to counsel" on the grounds that he was not informed of his arrest warrant, that a "ruse" was used to bring him to the police station, and that police continued the interrogation after he invoked his right to counsel. d/e 1, p. 4; see also d/e 5, pp. 3-4.

On September 15, 2020, the trial court denied Petitioner's motion, finding that Petitioner's Miranda waiver was knowing and voluntary and that he did not unambiguously invoke his right to counsel. See d/e 1, p. 4; d/e 5, p. 4. Petitioner filed pro se motions

Page **4** of **21**

to reconsider the denial of his motion to suppress, which the trial court denied on March 8, 2021. See d/e 5, p. 4; d/e 8, p. 3.

The case proceeded to a bench trial, at which Petitioner represented himself and the State presented evidence including Petitioner's recorded statements to Chicago police. See d/e 5, p. 4. At the close of the State's case, Petitioner filed a motion for directed verdict alleging that he had invoked his right to counsel during the February 18, 2016 interrogation by Leavitt and that his statement was a result of Leavitt's misconduct. Id. at p. 6. The trial court denied Petitioner's motion. Id.

Following arguments, the trial court found Petitioner guilty of first-degree murder, home invasion, robbery, and residential burglary and imposed a 30-year sentence for first degree murder. Id. The trial court noted that Petitioner gave conflicting statements in his February 3, 2016 interview with Phoenix police and his February 18, 2016 interview with Chicago police. Id. On October 18, 2021, the trial court denied Petitioner's post-trial motions. Id.; see also d/e 8, p. 3.

On November 1, 2021, Petitioner appealed to the Illinois

appellate court, which found that his brief lacked clearly defined issues and cohesive legal arguments. See d/e 5, p. 7; see also d/e 8, p. 4. The appellate court therefore defined the issues by reference to the State's brief and found that Petitioner was asserting that the trial court had erred:

> (a) in denying his motion to suppress his statement based on his right to counsel under the 5th and 6th Amendments when he invoked his right to counsel during a "prior" interrogation,

> (b) in admitting his "involuntary" statement at trial in violation of the due process clause of the 14th Amendment,

> (c) in denying his motion for a "directed" verdict because there was insufficient evidence that one of the co-defendants told Petitioner of his criminal plans or that Petitioner knew of the co-defendant's intent to commit a crime, and

> (d) in denying his motion to "dismiss/reverse" his convictions when his inculpatory statement was the result of a "plan of deceit and trickery" by members of the Chicago Police Department and the Cook County State's Attorney's Office "despite full knowledge" that Petitioner had invoked his 5th Amendment right to counsel.

See d/e 5, p. 7. On December 24, 2024, the appellate court held that none of Petitioner's issues had merit and affirmed the trial court. Id.; see also d/e 1, p. 4.

Petitioner did not file, nor does he allege that he filed, a petition for leave to appeal the appellate court's judgment to the Illinois Supreme Court. See d/e 5, p. 7; see also d/e 1, d/e 8.

On January 30, 2025, Petitioner filed a motion for leave to file an original petition for writ of habeas corpus in the Illinois Supreme Court. See d/e 5, p. 7; d/e 6-4; d/e 8, p. 5. Petitioner asserted that the Chicago Police Department's and the Cook County State's Attorney's Office's conduct violated his rights under the 5th, 6th, and 14th Amendments to the United States Constitution. See d/e 5, pp. 7-8. Petitioner cited his various interrogations resulting in "involuntary and incriminatory statements" that were wrongly used to indict him. Id. at p. 8.

On March 25, 2025, the Illinois Supreme Court denied Petitioner leave to file the petition for writ of habeas corpus. Id.; see also d/e 1, p. 5.

On April 16, 2025, Petitioner filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus in this Court. See d/e 1. Petitioner argues that his "criminal legal process [was] constitutionally defective in a substantial form through overwhelming and

outrageous police and prosecutorial misconduct; all in willful violation of Petitioner's protected constitutional rights under the 5th, 6th, and 14th Amendments and foreseeably resulted in his said murder conviction." Id. at p. 1.

On June 24, 2025, Respondent filed an Answer to the Petition (d/e 5). On July 21, 2025, Petitioner filed a Reply (d/e 8).

On November 5, 2025, this Court issued an Order (d/e 9) denying Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, finding that, because Petitioner did not file a petition for leave to appeal the appellate court's judgment to the Illinois Supreme Court, Petitioner's claims are procedurally defaulted without excuse. See id. at p. 13.

On December 2, 2025, Petitioner filed a Motion for Reconsideration (d/e 11) and an Amended Motion for Reconsideration (d/e 12) of the Court's Order, with the Court dismissing the former as duplicative and accepting the latter. See December 10, 2025 Text Order. On December 22, 2025, Respondent filed a Response (d/e 13). On January 2, 2026, Petitioner filed a Reply (d/e 14).

### III.  LEGAL STANDARD

As an initial matter, the parties dispute whether Petitioner's Motion (d/e 12) should have been filed under Federal Rule of Civil Procedure 59(e) instead of Federal Rule of Civil Procedure 60(b)(1) and (6).

Pursuant to 28 U.S.C.A. § 2244(b)(3)(A), "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. Pursuant to 28 U.S.C.A. § 2244(b)(4), "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Id.; see also Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

In <u>Banister v. Davis</u>, 590 U.S. 504 (2020), the Supreme Court stated that a "Rule 59(e) motion, unlike a Rule 60(b) motion, does not count as a second or successive habeas application." <u>Id.</u> at 521. The Supreme Court reasoned:

> A Rule 60(b) motion—often distant in time and scope and always giving rise to a separate appeal—attacks an already completed judgment...By contrast, a Rule 59(e) motion is a one-time effort to bring alleged errors in a just-issued decision to a habeas court's attention, before taking a single appeal. It is a limited continuation of the original proceeding—indeed, a part of producing the final judgment granting or denying habeas relief.

<u>Id.</u> at 520–21.

Here, Petitioner's Motion (d/e 12) construed under Rule 60(b) would "count as a second or successive habeas application" under <u>Banister</u>. <u>Id.</u> at 521. Petitioner does not allege that he motioned the Seventh Circuit Court of Appeals for the necessary order under 28 U.S.C. § 2244(b)(3) and (4), without which this Court could not consider a Rule 60(b) motion.

Rule 59(e) states, in full: "Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Petitioner filed his Motion (d/e 12) on December 2, 2025—25

days after the entry of judgment in this case on November 7, 2025 and 27 days after this Court issued its Order denying Petitioner's petition on November 5, 2025. See d/e 9, d/e 10. Therefore, in order to consider Petitioner's Motion (d/e 12), and with Respondent's concurrence, see d/e 13, pp. 2-3, this Court construes Petitioner's Motion (d/e 12) under Rule 59(e).

Rule 59(e) enables courts to correct their own errors and avoid unnecessary appeals. Miller v. Safeco Ins. Co. of Am., 683 F.3d 805, 813 (7th Cir. 2012) (internal citation omitted). "To prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co., 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted)); see also Vesely v. Armslist LLC, 762 F.3d 661, 666 (7th Cir. 2014) ("[W]e have held that a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments"). "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to

recognize controlling precedent.'" Burritt v. Ditlefsen, 807 F.3d 239, 253 (7th Cir. 2015) (internal citation omitted).

## IV. ANALYSIS

Petitioner argues that the "record clearly reflects that no procedural default exists in this case with Petitioner's federal habeas corpus petition[.]" d/e 12, p. 13. Petitioner asserts that he fully presented the claims to the "Illinois State Supreme Court through his Petition for Leave to File his State Habeas Corpus Petition pursuant to 735 ILCS 5/10-124(3) on 1/30/2025." Id. Petitioner cited this same, sole filing before the Illinois Supreme Court in his Petition. See d/e 1, p. 5; d/e 8, p. 5.

As this Court explained in its prior Order (d/e 9), the Supreme Court in O'Sullivan v. Boerckel, 526 U.S. 838 (1999) established a rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. "In Illinois, this means that a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court." Guest v. McCann, 474 F.3d 926, 930

(7th Cir. 2007) (citing Boerckel, 526 U.S. at 842-46). "If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted." Id. (citing Boerckel, 526 U.S. at 848).

In other words, the ordinary appellate review procedure in Illinois includes filing an appeal to the Illinois Supreme Court. See, e.g., Ill. S.Ct. R. 315(b); see also U.S. ex rel. Lewis v. Clark, No. 99 C 0633, 1999 WL 1269362, at *4 (N.D. Ill. Dec. 22, 1999) ("In Illinois, the established appellate review process is two-tiered, comprising an appellate court and the Illinois Supreme Court."); see also U.S. ex rel. Hawkins v. Haws, No. 98 C 1103, 1999 WL 446845, at *9 (N.D. Ill. June 24, 1999) ("Like in Boerckel, the issues that Petitioner did not appeal to the Illinois Supreme Court...are procedurally defaulted.").

Petitioner filing a "Petition for Leave to File his State Habeas Corpus Petition," see d/e 5, p. 7; d/e 6-4; d/e 8, p. 5; d/e 12, p. 13, before the Illinois Supreme Court—an original petition for writ of habeas corpus—did not satisfy the requirement in Boerckel that Petitioner "file petitions for discretionary review when that review is

part of the ordinary appellate review procedure in the State."
Boerckel, 526 U.S. at 847.

Petitioner does not plead that he filed the different, necessary motion—a petition for leave to appeal the appellate court's judgment to the Illinois Supreme Court—as required to satisfy Boerckel. Id., see also d/e 1; d/e 5, p. 7; d/e 12; see also Guest v. McCann, 474 F.3d 926, 930 (7th Cir. 2007) ("[A] petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court."); see also U.S. ex rel. Hawkins v. Haws, No. 98 C 1103, 1999 WL 446845, at *9 (N.D. Ill. June 24, 1999) ("Like in Boerckel, the issues that Petitioner did not appeal to the Illinois Supreme Court…are procedurally defaulted.").

Petitioner argues that this Court's prior order failed to consider that the Illinois Supreme Court Order denying Petitioner leave to file a petition for writ of habeas corpus was "meaningfully void of reference to any state procedural default by petitioner." d/e 12, p. 5. The Court notes that the procedural default doctrine

typically precludes a reviewing federal court from reaching a habeas

claim's merits in two circumstances:

> when either (1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred.

Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004) (emphasis

added).

Whether the Illinois Supreme Court's denial of Petitioner's

original petition in that court was "meaningfully void of reference to

any state procedural default by petitioner," as Petitioner alleges,

does not change Petitioner's Petition falling squarely within the

second circumstance when the procedural default doctrine typically

precludes a reviewing federal court from reaching a habeas claim's

merits. See d/e 12, p. 5. Petitioner did not file a petition for leave to

appeal the appellate court's judgment to the Illinois Supreme Court,

such that Petitioner's "claim was not presented to the state courts"

properly. See Perruquet, 390 F.3d at 514. This Court finds it "clear

that [the Illinois] state courts would now hold [Petitioner's] claim

procedurally barred." See id.; see also Ill. S.Ct. R. 315(b) (finding

that "unless a timely petition for rehearing is filed in the Appellate Court, a party seeking leave to appeal must file the petition for leave in the Supreme Court within 35 days after the entry of such judgment.").

Therefore, Petitioner does not "clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment" on the issue of procedural default. See Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co., 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted).

Petitioner's remaining arguments all rely on his purportedly satisfactory state court exhaustion of his claims. Petitioner first argues that the record reflects his "substantial showing of a denial of his federal constitutional rights" and this Court's "fundamental miscarriage of justice" in failing to rule on said claims. d/e 12, p. 8. Petitioner reasons that he "must be provided immediate Federal Habeas Corpus relief as provided under 28 U.S.C 2254, since no procedural default exists in this case[.]" Id. at p. 12.

As this Court referenced in its prior Order, the Seventh Circuit in Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014) found that a court "may excuse a procedural default if the petitioner can show both cause for and prejudice from the default or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." Id. at 272 (emphasis added).

Even if Petitioner could show prejudice from the default, he does not show any cause for the default—in other words, he does not establish a valid reason for not filing a petition for leave to appeal the appellate court's judgment to the Illinois Supreme Court. Conversely, this Court could not have committed a manifest error of law or fact on a claim that this Court's "failure to consider the claim would result in a fundamental miscarriage of justice" because Petitioner made no such claim in the Petition. See id.; see also d/e 1. That this Court did not find Petitioner's procedural default excusable and reach the Petition's substantive claims does not constitute a manifest error of law or fact.

Petitioner also argues that this Court "willfully erred" in declining to issue a certificate of appealability in its prior Order. d/e 12, p. 16. Petitioner references Slack v. McDaniel, 529 U.S. 473 (2000), in which the Supreme Court established a two-part test of what a petitioner must establish for a certificate of appealability to issue:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack, 529 U.S. at 484 (emphasis added).

However, Petitioner then argues that because he "has proven that his said Federal constitutional claims are reasonably debatable," this Court "willfully failed to address Petitioner's said Federal Constitutional Claims as part of its unfounded denial of Certificate of Appealability" "in direct contradiction to well-settled and controlling cited law." d/e 12, p. 17.

Even if Petitioner established that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," <u>Slack</u> also requires Petitioner to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484. As discussed previously in this Order, Petitioner does not plead that he properly exhausted procedural requirements: "a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court," <u>see</u> <u>Guest v. McCann</u>, 474 F.3d 926, 930 (7th Cir. 2007), and Petitioner simply does not indicate that he did so.

Thus, jurists of reason would not "find it debatable whether the district court was correct in its procedural ruling," <u>see</u> <u>Slack</u>, 529 U.S. at 484, such that Petitioner cannot establish the second requirement for a certificate of appealability to issue. Because Petitioner had already demonstrated that he could not satisfy a requirement for a certificate of appealability to issue, the Court had no reason or obligation to reach the other requirement under <u>Slack</u>, whether "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right."

Id.

Therefore, Petitioner does not "clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment" on his three remaining arguments relying on Petitioner's purported procedural exhaustion. See Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co., 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted).

## V.    CONCLUSION

Petitioner does not "clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment," see Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co., 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted), with regard to the Court's finding that Petitioner's claims are procedurally defaulted without excuse and that jurists of reason would not "find it debatable whether the district court was correct in its procedural ruling," see Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Therefore, Petitioner's Amended Motion for Reconsideration (d/e 12) is DENIED. Petitioner's Motion for Hearing (d/e 15) and Motion to Compel (d/e 16) are DENIED as MOOT.

**ENTERED: June 15, 2026**

**FOR THE COURT:**

/s/ *Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**